## CALVIN MARSHALL *vs.* ISAAC MERRITT.

After an issue has been decided in favor of the complainant, on a complaint for flowing land, and a warrant for a jury has been ordered to be issued, it is too late to file a supplemental answer, setting forth that the damages have been ascertained by arbitration; but a writ of *audita querela* is a proper remedy, if the complainant undertakes thereafter unjustly to prosecute his complaint.

If an order of the superior court allowing a supplemental answer to be filed on terms is excepted to, and no final disposition is made of the case, the exceptions will be dismissed.

COMPLAINT for flowing land. An answer was duly filed, and a verdict was rendered for the complainant, in the superior court, at September term 1865, and the judge ordered a warrant for a jury to issue. At the next term, the respondent moved for leave to file a supplemental answer, setting up that since the last continuance the damages to the complainant had been fixed by arbitration; and claimed the right to file this answer without terms. *Vose*, J. passed an order allowing it to be filed on payment of all the complainant's taxable costs up to that time, the respondent taking no costs to that time. To this order the respondent alleged exceptions.

*E. Ames*, for the respondent. At common law a plea *puis darrein continuance* was a matter of right. *Broome* v. *Beardsley*, 3 Caines R. 172. *Paris* v. *Salkeld*, 2 Wils. 137. Gould Pl. *c.* 6, § 123. 1 Chit. Pl. (6th Amer. ed.) 696, 697. *Sandford* v. *Sinclair*, 3 Denio, 269. The Gen. Sts. *c.* 129, § 25, provided that the defendant may be allowed to file a supplemental answer

" May," as there used, means " shall." See *Goodrich* v. *Bodur-tha*, 6 Gray, 323.

*E. H. Bennett*, for the complainant. After verdict, a plea *puis darrein continuance* was never a matter of right; but the remedy was by *audita querela*. 3 Bl. Com. 317. Gould Pl. *c.* 6, § 124 2 Tidd's Pract. 847. *Pearson* v. *Perkins*, Bul. N. P. 310. Under our practice act, supplemental answers are subject to terms.

CHAPMAN, J. The respondent filed an answer to the complaint; the issue thus framed has been tried before a jury, pursuant to the provisions of the statute; and a verdict has been rendered for the complainant. An order has been thereupon made for a warrant to summon a sheriff's jury to estimate the complainant's damages.

The respondent moved for leave to file another answer, alleging that the damages had been settled by arbitrament and award The court granted leave to file the answer upon the terms stated in the report as to costs. But the respondent claimed the right to file the answer without payment of costs, and excepted to the ruling of the court which required him to pay costs as a condition of filing it. As there has not yet been any final determination of the cause in the superior court, the exceptions are brought here prematurely, and must be dismissed. *Bennett* v. *Clemence*, 3 Allen, 431. Gen. Sts. *c.* 149, § 12.

But the court deem it proper to say that they know of no practice which would authorize the court, after a proper issue has once been tried to a jury, and a verdict has been rendered upon it, to authorize a supplemental answer to be filed, for the purpose of trying a new issue to a new jury. Sometimes, when a cause has been settled by the parties out of court, the court will itself hear them, and make a proper disposition of the cause. But in a case like the present, a writ of *audita querela* would seem to be a proper proceeding, if the complainant is proceeding to prosecute his suit after it has been settled. *Lovejoy* v. *Webber*, 10 Mass. 101. In such a proceeding, an issue can be framed to a jury if necessary. Gen. Sts. *c.* 145, § 4. If the award was designed to make a final disposition of the cause, it can be so determined; or if it was designed to be merely a substitute for

the verdict of a sheriff's jury, and form a basis for a judgment in the cause, that can be determined; and a judgment can be rendered which shall be conformable to all the equitable and legal rights of both parties. *Exceptions dismissed.*